*In re* BURCHELL, Bankrupt.

(*District Court, S. D. New York.* October 8, 1880.)

1. CONTRACT—CONSIDERATION—EXTENSION—DEBT.—A written promise to pay the debt of another, in consideration of an extension of time, will constitute a valid contract.

2. SAME—ASSIGNOR.—In such case the assignor of the debt is not a necessary party to such contract.

3. COMPOSITION—DISCHARGE.—The acceptance of a composition from the principal debtor does not discharge any party collaterally liable for the same debt.

4. BANKRUPTCY—PROVABLE CLAIM.—Burchell owed Bigler & Co. $5,257.79 for the construction of an ice-house. Bigler & Co. owed Turck & Burhaus about $1,600 for work and materials furnished in the contion of the same. Bigler & Co. assigned their claim to a creditor named Ward, and subsequently became bankrupts. June 9, 1878, Bigler & Co. entered into a composition of 30 per cent. with their creditors. June 12, 1878, Ward, Turck & Burhaus, and Burchell entered into an agreement under which Burchell promised to pay Turck & Burhaus $1,200, and give his notes to Ward for $3,457, payable in one and two months each. Burchell thereafter became bankrupt, without having paid Turck & Burhaus or the notes held by Ward. Ward thereupon proved against the estate of Burchell for the whole

debt, *i. e.*, $5,257.79, and in March, 1878, Turck & Burhaus received $400 from Bigler & Co. in lieu of the sum due them under the composition, and gave a receipt " in full of all claims that we have against him (Bigler) or them (Bigler & Co.) on account of the building, ice house," etc.   *Held,* that Turck & Burhaus still had a provable claim against the estate of Burchell for $1,200.

*W. H. Regensberger,* for creditor.

*S. Untermeyer,* for assignee.

CHOATE, D. J.   This is an appeal from the decision of a register expunging a proof of debt.

The claimants, Turck & Burhaus, claim that the bankrupt is indebted to them in the sum of $1,200, under the following circumstances:  The firm of Bigler & Co. contracted to build an ice-house for the bankrupt in Greene county, New York. These claimants, being partners, furnished materials and did work upon the ice-house.   Bigler & Co. thus became indebted to these creditors for the contract price of $3,000, of which there remained still due about $1,550 or $1,600.   Bigler & Co. failed, and were in bankruptcy.   They proposed a composition with their creditors, which was accepted and confirmed June 9, 1878, of 30 per cent., payable in six equal semi-annual instalments, for which they were to give notes. For this balance of about $1,600 claimants held their due-bill or promissory note.

Prior to their bankruptcy, Bigler & Co. had assigned to one Ward their claim against the bankrupt, which amounted to $5,257.79.   Ward was their creditor, and this assignment was to secure him.   Ward threatened the bankrupt with a suit to recover this debt.   The bankrupt sent for Ward and these claimants, whose claim against Bigler & Co. he was aware of, and the bankrupt, Ward, and these claimants entered into an agreement in writing for the settlement of the debt. The paper was executed by the three parties on the twelfth of June, 1878.   It was in the following form:

"On settlement this day of Bigler claim, total
  amount  -  -  -  -  -  -  - $5,257 79
  Paid as follows—

Kept back for Turck & Burhaus the
  sum of  -  -  -  -  - $1,200 00
For Tobias New the sum of  -  -  600 79
                                        ————— 1,800 79

Gave Ward this sum,  -  -  -  -  - $3,457 00
In two notes for one and two months—half each.

June 12, 1878.  This settlement made in presence of Mr.
Burhaus, Mr. Ward, and myself, at my office.

                         "JOHN J. BURCHELL,
                         "L. C. WARD,
                         "TURCK & BURHAUS."

Tobias New was another party to whom Bigler & Co. were
indebted for work on the ice-house.

This contract, I think, is to be construed as containing a
promise, on the part of the bankrupt, to pay these claimants
$1,200 on account of Bigler's debt to them.  It is objected to
by the assignee on the grounds that the promise was with-
out consideration, and that it was a promise to pay the debt
of another.  The time given to the bankrupt for the balance
of $3,457, for which Ward took his notes, was an ample con-
sideration for this promise to pay the claimants; and if the
promise were a promise to pay the debt of another, it was
valid, being in writing and made upon a new consideration.
It is also urged that the agreement was void because Bigler
& Co. were not parties to it.  I think, however, there is
nothing in this objection.  Ward, as assignee of this debt,
which was overdue, had power, as it seems to me, to make
this arrangement for its payment.  He could authorize a
part of the money which he was entitled to exact of Burchell
to go to Turck & Burhaus, if he saw fit.  It may be that if
he did so Bigler & Co. could make him account for it as
received by himself, but this could not make the promise to
pay his appointee instead of himself illegal.  It is also
claimed that the promise to pay Turck & Burhaus was

conditional on the notes being paid, and that, as the notes were not paid, and Burchell went into bankruptcy, the promise became null and void. The written agreement itself contains no condition whatever. The giving of notes for the balance, and the expression "Paid as follows," show clearly, I think, that the promise to pay was unconditional; nor does the parol evidence show any such condition, if parol evidence could be received for the purpose.

There being, then, a valid obligation on the part of the bankrupt to pay the claimants $1,200 on account of Bigler & Co.'s original debt, it continues in force, unless discharged by what has since taken place. That it has been so discharged, is the claim of the assignee and the ruling of the register. Ward has proved under his assignment from Bigler & Co., for the whole debt due to Bigler & Co., $5,257.79, notwithstanding this agreement with the bankrupt by which $1,200 of it was to be paid to the claimants. He seems to have proceeded, in doing so, on the theory that, as the notes were not paid, the promise to pay the claimants became void. In this, I think, he was mistaken. Since making that agreement he has made a settlement with Bigler & Co. and assigned, at their request, his claim against the bankrupt to another. If it were proved, as contended by the assignee, that these claimants and Ward had agreed that he should prove for the whole debt and pay them the dividend upon their share of it, they would be estopped to prove separately for their share. But the testimony does not sustain this point; on the contrary, both Burhaus and Ward deny that there has been any subsequent agreement between them of this character.

The fact that Ward has proved for too much cannot affect the right of the claimants. Then, as to the acts of the claimants themselves, it appears that, notwithstanding their agreement with the bankrupt and Ward, they retained Bigler & Co.'s due-bill for the whole debt, $1,600, and did not take the composition notes. And in March, 1880, they made a settlement with Bigler & Co., receiving $400, and giving up the due-bill, and giving a receipt "in full of all claims that

we have against him (Bigler) or them (Bigler & Co.) on account of the building, ice-house," etc.   It is on account of this transaction that the register has ruled against the claimants.   He says in his opinion: "This seems to me to control the whole matter.   Whatever Turck & Burhaus may have claimed against Burchell came through the indebtedness of Bigler to them.   This indebtedness having been acquitted by Bigler, nothing remains as a foundation for a claim against Burchell.   This proof of debt, then, is founded on mistake and should be expunged."   I am unable to concur in this conclusion.   Prior to the twelfth of June, 1878, by virtue of the composition proceedings, Bigler was chargeable with 30 per cent. on the whole $1,600.   Turck & Burhaus were bound by the composition.

By the agreement of June 12th they acquired a valid claim upon the bankrupt for $1,200.   Whether this agreement is to be considered as merely a collateral obligation to that of Bigler & Co., or whether it operated to discharge absolutely $1,200 of Bigler's original debt, is immaterial.   The claimants were entitled to avail themselves of both obligations.   The amount of their 30 per cent. composition became fixed by the confirmation, and it seems that they would not forfeit any part of that, because another party afterwards, for a new consideration, promised to pay them something more on Bigler's original debt.   They could not receive, as between themselves and other creditors of Bigler, more than the stipulated composition out of Bigler's estate.   But the further amount thus promised was not to come out of Bigler's estate.   The $400 was paid, as appears by the evidence, in lieu of the composition due to these claimants from Bigler & Co., and the agreement was express that it was to release only Bigler and Bigler & Co.; and there is nothing in the form of the receipt inconsistent with this.   It appears that Burhaus refused to accept it in discharge of Burchell also.   Even if it was more than Bigler & Co. were bound to pay as a composition, on the ground that the agreement of June 12th extinguished $1,200 of the debt of Bigler, and that in consequence of this fact the obligation to pay the composition was modified and

reduced to 30 per cent. on the balance, which I am by no means prepared to admit, yet a mistake of this kind would not enure to the benefit of Burchell's estate; and on that theory there ceased to be any connection between the obligation of Burchell and that of Bigler after June 12th. If, however, Burchell's obligation did not extinguish any part of Bigler's original debt, but was collateral thereto, then accepting a composition from the principal debtor does not discharge any party collaterally liable for the same debt. The payment was a settlement of a claim for a composition about which there was some little question as to the amount that should be paid, and its legal effect as a payment cannot be held to be greater than would that of the payment of any composition.

For these reasons I think the obligation of the bankrupt has not been discharged, and the claim must be allowed.