THIRD NATIONAL BANK of Springfield, Mass., Respondent, *v.* ORLANDO B. HASTINGS, Appellant.

Defendant, a resident of this state, made his promissory note for the accommodation of the payee, a Massachusetts corporation, which was indorsed and transferred by the latter to a firm in that state. Said corporation was adjudged to be insolvent by a court of insolvency of said state. Plaintiff, then the holder of the note, with knowledge that defendant was accommodation maker, proved its claim on said note. The corporation paid into court a percentage upon its indebtedness, as directed by judgment of said court, upon which payment, pursuant to said judgment and the laws of said state, it was discharged from all debts proved or provable against it. Plaintiff accepted the percentage, signing a receipt in full of the liability of the corporation. In an action upon the note, *held,* that while, as between the maker and payee of the note, the latter was principal and the former was surety, the action of the plaintiff was not a voluntary discharge of the principal, nor did it in any way impair the rights of the surety: and so, that plaintiff was entitled to recover the balance.

*Gardner* v. *Oliver Lee & Co.'s Bank* (11 Barb. 558); *Phelps* v. *Borland* (103 N. Y. 406), distinguished.

Reported below, 58 Hun, 531.

(Argued June 14, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made on the first Monday of May, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was to recover the amount unpaid on a promissory note, and was brought by an indorsee against the maker. It was defended upon the ground that the maker had been discharged from liability.

April 11, 1887, the defendant, at the city of New York, made the note in suit, whereby he promised to pay, at that city, to the order of Hurlbut Paper Company, $2,904.46, five months after date. The note was made for the accommodation of the payee, a firm composed of Thomas O. Hurlbut and Henry C. Hurlbut. It was indorsed by the payees, and by them sold to Fennessy, Armstrong & Co., of Springfield, Mass., who, before maturity, sold and delivered it to plaintiff.

The Hurlbuts were resident citizens of Massachusetts, and were there engaged in business. The plaintiff was a national bank engaged in business in the same state. The defendant was and is a resident citizen of the state of New York. The note fell due September 14, 1887. On the 19th of July, 1887, the Hurlbut Paper Co. was, upon its own petition, adjudged to be insolvent by a court of insolvency of the state of Massachusetts. The note was presented for payment at maturity, but it was not paid and was protested. September 30, 1887, the plaintiff's president was told that the defendant made the note for the accommodation of the payee. On the next day, the summons and complaint in this action were personally served. October 3, 1887, the plaintiff duly proved its claim on said note against the Hurlbut Paper Co. in the insolvency court, and on the fifth of that month, the insolvents filed with the court a proposal to compromise, by which they offered to pay in full all debts entitled to priority, the expenses of the proceedings, and twenty per cent of all other debts. A notice to the creditors was issued by the court, and the hearing was set for December 6, 1887, on which date the

court found: "That the required proportion in number and value of the creditors, who have proved their claims, have assented in writing to said composition in accordance with the law, and all the requirements of law having been complied with, it appears, and I find that said composition has been duly assented to, and is consistent with justice and for the interest of the creditors."

It was thereupon adjudged that the insolvents should pay the sums into court; that the register should pay it over to the persons severally entitled thereto, and, further:

"That when said sums of money shall have been paid into court as aforesaid, a certificate of discharge shall thereupon be granted to said debtors."

January 3, 1888, the insolvents paid the required sum into court, and thereupon they were discharged from all copartnership debts provable against their estates founded on any contract made or to be performed by them within the state of Massachusetts.

February 1, 1888, the plaintiff received from the register its percentage on the note, and indorsed thereon the following receipt:

"Received of E. T. Slocum, Register of the Berkshire County, Mass., Court of Insolvency, five hundred and seventy-five $\frac{66}{100}$ dollars in full of the liability of the Hurlbut Paper Co., on within note paid under the terms of the composition of said Hurlbut Paper Co., in insolvency, duly confirmed by said court.                F. H. HARRIS, *Pres.*"

*Flamen B. Candler* for appellant.

*James L. Bishop* for respondent.

Follett, Ch. J.   In case two persons are liable for a debt, one as principal and one as surety, a voluntary release by the creditor of the principal with knowledge of the relation existing between the debtors discharges the surety. As between the Hurlbut Paper Co. and the defendant, the former was

principal and the latter surety, of which fact the plaintiff was told September 30, 1887. The question presented by the record is, did the plaintiff after that date voluntarily discharge the principal debtor, or in any way impair the surety's rights or remedies against the principal. If this question is answered in the affirmative the judgment must be reversed, but if in the negative it must be affirmed. The discharge alleged and attempted to be established arises out of the insolvency proceedings and the acceptance by the plaintiff of the percentage paid in those proceedings.

Among other provisions in the statutes of Massachusetts, regulating insolvencies and proceedings by and against insolvents, are the following:

§ 81. "The debtor shall thereupon, except as provided in section 84, be absolutely and wholly discharged from debts proved against his estate, and from all debts provable under this chapter and founded on any contract made by him * * * while an inhabitant of this state, if made within this state, to be performed within the same, or due to any person resident therein at the time of the first publication of the notice of the issuing of the warrant." (Chap. 157, p. 892, Public Stat. of Mass. of 1882.)

The debt sought to be recovered is not within the exception mentioned in section 84.

The Hurlbut Paper Co. was a firm engaged in business in Massachusetts, and both of the partners were resident citizens of that state, in which they made the indorsement by which the debt was incurred which they promised to pay in the city of New York, but it was due to a resident of the state of Massachusetts.

The insolvents and the plaintiff being resident citizens of that state were bound by its statutes and subject to the decisions of its courts, in all matters of which they had jurisdiction, provided jurisdiction over their persons was acquired. The Insolvency Court had jurisdiction of the subject-matter and acquired jurisdiction over the insolvents by their petition, and of the plaintiff by issuing a warrant against the estate of

the debtors and serving notice thereof on the plaintiff. Having jurisdiction, the court was authorized to make a decree discharging the insolvents from all liability on their indorsement of the note held by the plaintiff, no matter whether it appeared in the proceedings or not. Had the plaintiff voluntarily procured the discharge of the Hurlbut Paper Co. from its liability on the note, the defendant would have been released. (*Gardner* v. *Oliver Lee & Co.'s Bank*, 11 Barb. 558 ; *Phelps* v. *Borland*, 103 N. Y. 406.) In the cases cited, the creditors were not within the jurisdiction of the insolvency courts, but voluntarily appeared, thus giving the court jurisdiction over them and authority to discharge the debtors from all liabilities to them. But such is not the case at bar. The plaintiff did not institute the proceedings against the insolvents nor did it consent to the compromise approved by the court, and nothing that it did or omitted to do, procured or contributed to the discharge of the insolvents. The bank being within the jurisdiction of the court, its claim would have been discharged, though it had refrained from proving it. Had the plaintiff refused to prove its debt, it would have had no effect upon the proceedings, nor upon the rights of the defendant, except it would have deprived him of the benefit of the percentage paid on the compromise, of which he would have had just cause for complaint.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.