EASTON FURNITURE MFG. CO. v. CAMINEZ.

(Supreme Court, Appellate Division, Second Department.   October 13, 1911.)

1. BILLS AND NOTES (§ 237*) — ACCOMMODATION INDORSER — LIABILITY AS SURETY.

An indorser of a promissory note without consideration and for the maker's accommodation became merely a surety.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 563–569; Dec. Dig. § 237.*]

2. BANKRUPTCY (§ 387*)—COMPOSITION—DISCHARGE OF SURETY.

Bankruptcy Act July 1, 1898, c. 541, § 14, subd. "c." 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid thereby, etc., and section 16 provides that the liability of a surety for a bankrupt shall not be altered by the discharge of the bankrupt. *Held*, that the surety for the principal debtor was not discharged by a composition in bankruptcy as to a debt held by one within the jurisdiction of the bankruptcy court, who voluntarily voted for the composition and accepted his pro rata dividend thereunder; the rule that the release of the principal also releases the surety not applying because the discharge was by operation of law, and not by any act of the creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–616; Dec. Dig. § 387.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by the Easton Furniture Manufacturing Company against Bertha Caminez. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Charles H. Fuller, for appellant.

Joseph I. Stahl (Otto A. Samuels, on the brief), for respondent.

CARR, J.   The defendant, in 1908, indorsed several promissory notes made by a corporation styled "Jacob Caminez" in favor of the plaintiff as payee.

[1] The indorsement was without consideration and for the accommodation of the maker. Under these circumstances, she became simply a surety for the principal debtor, the corporation maker. Thereafter the corporation went into bankruptcy. The plaintiff proceeded against the estate of the bankrupt, and filed its claim upon the notes in question. Thereafter a composition was had between the bankrupt corporation and its creditors, pursuant to section 12 of the bankruptcy act. The composition was confirmed by the bankruptcy court, and the plaintiff accepted its pro rata dividend under the terms of the composition. The plaintiff likewise was one of the creditors who voted for and assented to the composition.

By subdivision "c" of section 14 of the bankruptcy act, the effect of the confirmation by the court of a composition is declared as follows:

---

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by the discharge."

Section 16 of the same act provides as follows:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of said bankrupt."

This action was brought to charge the defendant with the balance remaining unpaid on the notes in question.

[2] At the trial the plaintiff's complaint was dismissed on the ground that the plaintiff by entering into the composition agreement had voluntarily released the principal debtor, and thereby, according to familiar principles of law, had, by necessary implication, also released the surety. That, where a creditor voluntarily releases a principal debtor, he also necessarily releases the surety, unless there be a valid reservation, is not disputed by either party to this action. The sole contention is whether this rule applies to a composition in bankruptcy. The learned trial court held that this rule did apply to a composition in bankruptcy where the creditor had voted for the composition. It relies upon the authority of Matter of Benedict, 18 Am. Bankr. Rep. 604. In that case it was held by a referee that, as to creditors voting for a composition in bankruptcy, the same rule applied as in the case of a voluntary composition deed, outside bankruptcy proceedings, and that the release of the principal debtor carried with it the release of a surety. So far as this question has been passed upon in the courts of this state, there is but scant authority. The provisions of the present bankruptcy act in relation to compositions and discharges are similar in effect to the earlier act of 1874. The provisions of that act on this subject were adopted largely from the English bankruptcy acts. The only case in this state relating to this question squarely is that of Mason & Hamlin Organ Co. v. Bancroft, 1 Abb. N. C. 415, and which was decided in 1876 by Barret, J., at Special Term. The report of that case is quite full, and shows that the question was argued at length by eminent counsel and considered carefully by the learned court. It was there held that the discharge of a principal debtor by a composition in bankruptcy did not, even as to the creditors who assented to the composition, discharge a surety of the debtor. The reason of this ruling was that the discharge under a composition in bankruptcy was by operation of law, and not by the act of the creditor who assented to the composition. In 1877 the same rule was declared in Massachusetts in Guild v. Butler, 122 Mass. 498, 23 Am. Rep. 378. In that case it was pointed out that the provisions of the American bankruptcy acts in relation to composition and discharges in bankruptcy were substantially based upon the provisions of the English statutes. It was further pointed out that under the well-settled rule in the English courts a creditor who assented to a composition in bankruptcy did not thereby release his debtor's surety, and the same rule was declared applicable to the American bankruptcy act of 1874 (Act June 22, 1874, c. 390, 18 Stat. 78); for, as that court declared:

"The proceedings for a composition under the statute, depending for their validity and operation, not upon the act of the particular creditor, but upon the resolution passed by the requisite majority of all the creditors, binding alike on those who do and on those who do not concur therein, * * * and finally confirmed and established by the court upon a consideration of the general benefit of all concerned, differ wholly in nature and effect from a voluntary composition deed, which binds only those who execute it" (citing authorities).

It is claimed, however, that the rule has been declared otherwise in this state in Phelps v. Borland, 103 N. Y. 406, 9 N. E. 307, 57 Am. Rep. 755. There the plaintiffs, who were residents of New York City, bought from the defendant, who was a citizen of this country, a draft of certain English merchants who resided in Liverpool. This draft was accepted by the drawees. The legal result was that the drawees became the principal debtors, and the drawer (the defendant) stood as surety for them. The drawees did not pay the draft, but went into bankruptcy in England. A compromise was effected under the English acts and a composition made, and the principal debtors were discharged. The plaintiffs, residents of New York City, were not parties to the English bankruptcy proceedings, but voluntarily went into the English courts and proved their claims under the composition order, and accepted a pro rata dividend. It was held in our Court of Appeals that the English bankruptcy proceedings could not have discharged the debtors from their debts so as to prevent enforcement of remedies in favor of creditors who resided in this country by attachment or other process in our courts against any property of the debtors which might have been found here. It was decided, therefore, that the plaintiffs by voluntarily submitting themselves to the jurisdiction of the English courts and voluntarily accepting the terms of the composition had thereby in effect bound themselves as if they had entered into a voluntary composition deed releasing the principal debtor.

Here at bar the facts are so dissimilar that the holding in the Phelps Case does not apply. Here the plaintiff was subject to the jurisdiction of the bankruptcy court. Its control over claims against the bankrupt in no way depended upon assent or voluntary appearance of creditors. Had the plaintiff not appeared, the bankrupt could have been as well discharged even against it. It is said, however, that in Third National Bank v. Hastings, 134 N. Y. 501, 32 N. E. 71, there is an intimation that if the creditor, who was subject to the jurisdiction of the bankruptcy court, had assented to a composition releasing the principal debtor, a surety would also be released. That question, however, was not in that case for decision. Nor can I see that the court in its opinion attempted, even by obiter dictum, to consider it. I think that the ruling of the trial court in this case on this question of law was against the clear weight of authority, and that the judgments should be reversed and a new trial ordered, costs to abide the event. All concur.