The motion to confirm the report of the referee is for this reason denied, and a new trial is ordered, which under the law must be had before another referee appointed upon application of either party. Code Civ. Proc. § 1012. See, also, Schroeter v. Schroeter, 23 Hun, 230; Gorham v. Gorham, 40 App. Div. 564, 58 N. Y. Supp. 50; Galloway v. Galloway, 92 App. Div. 300, 86 N. Y. Supp. 1078; Perkins v. Perkins, 130 App. Div. 193, 197, 114 N. Y. Supp. 960; White v. White, 138 App. Div. 272, 122 N. Y. Supp. 885.

Settle order on notice.

---

### HERRINGTON v. DAVITT et al.

(Supreme Court, Trial Term, Rensselaer County. January 6, 1914.)

1. LIMITATION OF ACTIONS (§ 148*)—DEFENSES—"NEW PROMISE."

A debtor wrote to a creditor: "In regard to your claim against me, you will be paid every dollar of it with interest as soon as I sell the mill; if anything happens to me the farm is in my name and you will be paid. I have left orders to that effect. Tell L. to see what balance there is due me on the books for wood and to pay it to you for interest money." *Held,* that the letter constituted a new promise so as to stop the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 597–603; Dec. Dig. § 148.*]

2. BANKRUPTCY (§ 418*)—DISCHARGE OF BANKRUPT—EFFECT.

While an order discharging a bankrupt of his debts deprived his creditors of further remedies against him, it does not have the effect of paying the debt, but leaves the moral obligation to pay subsisting.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 764–771; Dec. Dig. § 418.*]

3. BANKRUPTCY (§ 388*)—EFFECT OF COMPOSITION.

In view of the bankruptcy statute providing that no composition agreement shall be effectual unless the court deems it for the best interest of the creditors and that no application for confirmation can be submitted to the court until accepted by a majority in number of the creditors whose claims are allowed, a composition agreement is given effect by the statute and not by voluntary agreement, so that the dismissal of the bankrupt's debts by composition leaves a subsisting moral obligation which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may furnish the consideration for a new promise to pay the debt so as to stop the running of limitations.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 618; Dec. Dig. § 388.*]

4. BANKRUPTCY (§ 387*)—COMPOSITION AGREEMENT—NATURE.

The purpose of a composition agreement in bankruptcy proceedings is the same as that of ordinary proceedings in bankruptcy, in that it provides for the pro rata distribution of the bankrupt's assets, and the effect of an order of dismissal by composition is the same as that of an order of discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. § 387.*]

Action by Etta F. Herrington against Ida Akin Davitt and another, as executors of Albert W. Davitt, deceased. Judgment for plaintiff. See, also, 155 App. Div. 831, 140 N. Y. Supp. 944.

Holmes & Bryan, of Troy, for plaintiff.

Thos. O'Connor, of Waterford, for defendants.

HASBROUCK, J. Albert W. Davitt on the 2d day of December, 1903, petitioned the United States District Court that he might be adjudged a bankrupt. In the month of February, 1904, he offered his creditors a composition, under the terms of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and it was agreed to by a sufficient number of creditors, and thereafter the court made an order confirming the composition, directing distribution, and dismissing the bankruptcy proceeding. On December 6, 1904, the said Davitt wrote the plaintiff, his sister, a letter in the following words, which she received:

"Your letter received. Was somewhat surprised at its contents. In regard to your claim against me you will be paid every dollar of it with inst as soon as I sell the mill. If anything happens to me the farm is in my name and you will be paid. I have left orders to that effect. Tell Lester to see what balance there is due me on the books for wood and to pay it to you for interest money.

　　"Yours truly,　　　　　　　　　　　　　　　A. W. Davitt."

The plaintiff has sued the executors of Davitt's will on a note of $1,500, which made her one of his creditors in that amount at the time of his bankruptcy, alleging a payment by the composition of some $302.25, and further alleging an agreement, a new promise, to pay a balance of $1,209, and interest thereon. The proof of the new promise consists of the above letter and the testimony of the plaintiff's husband that she had no other claim against her brother save the unpaid portion of this note. January 1, 1907, the mill property was sold, and this suit was not brought until June, 1912.

[1] If the language of the letter constitutes a new promise, then the six-year statute of limitations had not run at the time this action was commenced. The first question presented is: Is this letter a new promise? It is objected that it does not contain a promise to pay. It is true that Davitt does not say "I agree to pay you your claim," but he does say, "As soon as I sell the mill, you will be paid every dollar of it."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Assuming that Davitt referred to the unpaid part of his sister's claim, I think the language used is a promise on the part of Davitt to pay when he sells his mill (Parsons on Contracts, vol. 2, p. 642), and if it be such it certainly is new. The next consideration is the effect of the composition and the dismissal of the bankruptcy proceeding.

[2] The effect of an order discharging a bankrupt of his debts by the bankruptcy court is to deprive his creditors of any further remedies against him. But it has never been held that such action by such court paid the debt. The obligation of the debtor to pay his creditor in full is not only legal but moral. The legal part is wiped out by a discharge in bankruptcy, but the moral obligation remains. Nor can I conceive of any way a debtor can escape the moral obligation to pay his debt in full except by paying in such manner.

[3] The defendants claim here that the composition is the voluntary act of the plaintiff, and that, by agreeing with other creditors and fixing the rate, a new agreement was made, and that the old promise in the note fell before the novation effected by this new agreement of composition. There might be force in this contention if the composition had effect from the agreement as a voluntary composition deed. But the composition has life only from the law which states the conditions under which it may become vivified and the persons upon whom it may become binding, whether agreeing or not agreeing. For instance, no composition agreement will be given effect by the bankruptcy court unless the court is persuaded that the agreement is for "the best interests" of the creditors agreeing upon the rate. Another provision reveals yet more clearly that it is the statute which gives life to composition. It provides that no application for the confirmation of a composition can be submitted to the court before it has been "accepted by a majority in number of all creditors whose claims have been allowed." The result of a confirmation is that such creditors as did not accept are bound by the order of dismissal exactly as those who did accept the composition. It cannot be possible that a nonaccepting creditor can relieve his debtor of the moral obligation to pay the balance of his debt without the intervention of exercising his will to such end. Nor can it be possible that the Bankruptcy Act contemplates an operation which is not uniform upon creditors. If so, it would leave two classes of them upon the dismissal of the proceeding, one with a moral obligation existing in the debtor to pay and another without it. This clearly would be the case if the construction of the composition provisions of the Bankruptcy Act were given the effect contended for by the defendants.

[4] The purpose of composition differs not from that of the ordinary proceeding in bankruptcy, for it is the distribution pro rata of the bankrupt's assets. The effect of an order of dismissal is the same as that of an order of discharge. Collier on Bankruptcy (8th Ed.) page 232. We have from the foregoing circumstances reached the conclusion that the position of the debtor upon the discharge of the proceeding following an accepted composition is determined by law and not by the act of the creditor. In Easton Furniture Mfg. Co. v. Caminez, 146 App. Div. 436, 131 N. Y. Supp. 157, the court says:

"The reason of this ruling was that a discharge under a composition in bankruptcy was by operation of law, and not by the act of the creditor who assented to the composition."

Chief Judge Gray, writing for the Supreme Judicial Court of Massachusetts in Guild v. Butler, 122 Mass. 501, 23 Am. Rep. 378, says:

"The proceedings for a composition under the statute, depending for their validity and operation, not upon the act of the particular creditor, but upon the resolution passed by the requisite majority of all the creditors, binding alike on those who do and on those who do not concur therein, * * * and finally confirmed and established by the court upon a consideration of the general benefit of all concerned, differs wholly in nature and effect from a voluntary composition deed."

See, also, Mason & Hamlin Organ Co. v. Bancroft, 1 Abb. N. C. 415.

If the conclusion be correct that the dismissal of the bankrupt's debts by composition in a bankruptcy proceeding is by operation of law and not by the act of the creditor, it follows that the moral obligation still survives and may furnish the consideration of a new promise to pay the balance of the old debt.

Judgment for plaintiff.