ROSEBUD SHOPS, INC., Landlord, *v.* HARRY KIPNIS, Tenant.

Municipal Court of New York, Borough of Manhattan Ninth District, March 16, 1931.

*Abraham Lillienthal*, for the landlord.

*Mesard & Mesard*, for the tenant.

GENUNG, J. The landlord claims in its petition that the tenant has defaulted in the payment of rent of $708.33 for each month for the months of December, 1930, January, 1931, and February, 1931.

After the institution of the summary proceedings, there was paid to the landlord $1,026.77.

On December 31, 1930, a petition in bankruptcy was filed against the tenant in the United States District Court for the Eastern District of New York, and the tenant was duly adjudicated a

bankrupt. In that bankruptcy proceeding, a composition of twenty-two and one-half per cent was offered and such offer was duly confirmed by an order of the Federal court on February 13, 1931, the landlord receiving due notice of all the proceedings had in the bankruptcy matter.

A receiver had been appointed for the bankrupt and was in possession of the premises from January 8, 1931, to February 15, 1931, and rent for that period in the amount reserved in the lease was paid through the bankruptcy proceedings to the landlord herein.

It also appears that the rent due to the landlord for the month of December, 1930, was scheduled by the bankrupt and on that the landlord has received the twenty-two and one-half per cent composition, viz., $106.27 in cash and $53.13 in a note.

It seems that no provision was made for the rent for the period from January 1 to January 7, 1931, which, at the rate reserved in the lease, would amount to $165.27, and the tenant in this proceeding concedes a liability for twenty-two and one half per cent of such amount as well as a liability for rent for the period from February 16 to February 27, 1931, at the rental reserved in the lease, or $330.89, so the tenant admits that there ́s due and owing to the landlord the sum of $368.08, which he says he has tendered to the landlord.

The tenant claims that by reason of the confirmation of the composition in bankruptcy, the sum offered by the tenant is the only sum due and payable to the landlord.

The landlord contends that the bankruptcy discharged the debt of the tenant but not the remedy of the landlord to repossess its premises for failure of the tenant to pay the full amount.

A discharge in bankruptcy goes to the remedy of the creditor, although it does not cancel the debt. The Bankruptcy Act provides: " The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." (§ 14, subd. c; U. S. Code, tit. 11, § 32, subd. c.)

The debt for rent, of course, is discharged in bankruptcy. The effect of the composition was to supersede the bankruptcy proceedings and to reinvest the bankrupt with all his property free from the claims of creditors. (*Matter of Rider*, 96 Fed. 808.)

The Bankruptcy Act also provides for an equitable distribution of all of the debtor's property among his creditors, and that is the fundamental element of every system of bankruptcy.

It has been said that one of the main objects of the Bankruptcy Act is the release of an honest debtor from the burden of his debts

and his restoration to business activity in the interests of his family and the general public. (*Hardie* v. *Swcfford Bros.*, 21 Am. Bankr. Rep. 457; 165 Fed. 588.)

If the landlord's contention were correct, those purposes would be frustrated because the landlord could obtain one hundred per cent of his debt while the other creditors of this tenant were only receiving twenty-two and one-half per cent, and the tenant would be unable to go back into business at his former place of business. The effect of the discharge of the bankrupt deprives his creditors of any further remedies against him for the collection of or enforcement of in any wise any of the debts dischargeable and discharged. (*Herrington* v. *Davitt*, 145 N. Y. Supp. 452; affd., 165 App. Div. 942.)

The debt has not been paid, but all remedies for the collection thereof have been removed. Any legal obligation on the bankrupt's part is wiped out by the discharge. (*Dusenbury* v. *Hoyt*, 53 N. Y. 521.) It follows, therefore, that all remedies of the landlord, including that of summary proceedings, have been wiped out in so far as any claim for any balance of the December, 1930, rent is concerned or for the period between January 1 and January 7, 1931.

However, any rental accrued since the discharge is not affected by the bankruptcy proceedings and as to that the landlord was entitled to commence these proceedings. Inasmuch as the tenant has offered to pay and is willing to pay rent for the period from February fifteenth to the end of February, 1931, at the rate reserved in the lease and is willing to pay to the landlord rent for the period from January 1 to January 7, 1931, at the rate allowed by the composition, a final order will be entered in favor of the tenant upon the payment of the sum of $368.08 to the landlord.