N. J. Button Works, Plaintiff, *v.* Meyer Silverstein and Henry Gogolick, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, April 26, 1940.

*Jacob Steinfeld,* for the plaintiff.

*Maurice V. Seligson,* for the defendants.

Genung, J. This action is based upon a written guaranty.

The plaintiff sold and delivered merchandise to Quality Lamp & Shade Company, Inc., in the sum of $1,049.96. The defendants, officers of this corporation, by a written instrument guaranteed the payment of the amount due for the merchandise.

Quality Lamp & Shade Company, Inc., filed a petition for arrangement under chapter 11 of the act of Congress relating to bankruptcy in the United States District Court. The plaintiff filed a proof of claim and accepted its *pro rata* share amounting to the sum of $209.99. This action was brought against the defendants to recover the balance due to the plaintiff.

The defendants urge two grounds for the denial of the motion, namely, breach of contract in the delivery of the merchandise and a waiver by the plaintiff to maintain any action under the guaranty by filing a proof of claim in the Bankruptcy Court and accepting a dividend.

With respect to the assertion of a breach of contract by the plaintiff, this defense is available only to Quality Lamp & Shade Company, Inc., to whom the merchandise was delivered and cannot be

asserted by the defendants and moreover plaintiff's claim was allowed and it was given its *pro rata* share.

The plaintiff having filed its claim in the Bankruptcy Court did not waive any security as is urged by the defendants since it is not a secured creditor.

A creditor to be secured must either (a) hold security against the property of the bankrupt, or (b) be secured by the individual obligation of another who holds such a security. (1 Collier on Bankruptcy [13th ed.], p. 27.)

The plaintiff having filed its claim and having accepted its *pro rata* share under the arrangement proceeding in the United States District Court did not release the defendants from their liability under their guaranty and the plaintiff may still proceed against the defendants to recover the balance due.

In *Eastern Furniture Mfg. Co.* v. *Caminez* (146 App. Div. 436; 131 N. Y. Supp. 157) it is stated in the head note of the unofficial report as follows: " Bankruptcy Act July 1, 1898, c. 541, p. 14, subd. c, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid thereby, etc., and section 16 provides that the liability of a surety for a bankrupt shall not be altered by the discharge of the bankrupt. Held, that the surety for the principal debtor was not discharged by a composition in bankruptcy as to a debt held by one within the jurisdiction of the bankruptcy court, who voluntarily voted for the composition and accepted his *pro rata* dividend thereunder; the rule that the release of the principal also releases the surety not applying because the discharge was by operation of law, and not by any act of the creditor."

In *Pacific Bank* v. *Michaelson* (216 App. Div. 120) it was held: " Defendant David Michaelson was not released as indorser upon the original obligation of the Thomas Shoe Company, even though the latter were discharged in bankruptcy, and even though a composition with the principal debtor had been assented to."

In *Matter of American Paper Co.* (255 Fed. 121, 123) it was held: " The trustee further contends that the American Company was discharged from its obligations as indorser on the notes of the Hills Company by the composition, and therefore the $38,000 paid the Webb Company notes, and the trustee of the Paper Company should be subrogated to the rights of Wilkinson Company in its claim filed against the Webb Company. This position is supported by the opinion of Referee Stone in the *Matter of Harry Benedict*, 18 Am. Bankr. Rep. 604. It was held in that case that the general rule of law, that if the holder of negotiable paper does

any act which operates to release the principal, or which impairs the rights or remedies of the surety against the principal, the obligation of the surety will be released, is crystalized in the State of New York (in the Northern district of which this case arose) in the Negotible Instruments Law, which provides that: ' A person secondarily liable on the instrument is discharged: 1. By any act which discharges the instrument. * * * 3. By the discharge of a prior party. * * * 5. By a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved.' Consol. Laws, c. 38, p. 201.

" A release, therefore, through composition of the principal, discharges the liability of the surety, notwithstanding the provisions of section 16 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. § 9600]) that: ' The liability of a person who is a codebtor with, or guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt,' because the relief through composition, though as effectual as a ' discharge,' is secured through ' the co-operation of the creditors.' The same rule was applied in that case to a creditor voting for a composition in bankruptcy as to a person making a voluntary composition deed outside of bankruptcy. There is a difference, however. In the one case the discharge is by the voluntary act of the party; in the other by operation of law, not by the act of the creditor who assented to the composition. Therefore a different rule should be applied, and the case at bar accordingly comes within the provision of section 16 of the Bankruptcy Act. This seems to be the rule in the States of New York and Massachusetts and in England, as pointed out in the New York decisions. *In re Burchell* (D. C.) 4 Fed. 406; *Guild* v. *Butler*, 122 Mass. 498, 23 Am. Rep. 378; *Mason & Hamlin Organ Co.* v. *Bancroft*, 1 Abbott, N. C. (N. Y.) 415; *Eastern Furniture Co.* v. *Caminez*, 146 App. Div. 436, 131 N. Y. Supp. 157. This rule seems to be well founded in reason and supported by the greater weight of authority."

In *Union Trust Company of Rochester* v. *Willsea* (275 N. Y. 164) the action involved was on a guaranty of payment. The answer was that the obligation had been satisfied and paid in full. The appellant executed and delivered to the respondent a written guaranty of payment of all the indebtedness of the Willsea Works in an amount not to exceed $20,000 of principal of any one time. The principal debtor filed in the United States District Court a petition for corporate reorganization under section 77B of the Bankruptcy Act. An order was made by the District Court confirming the plan of reorganization offered by the principal debtor

to its creditors. It was the claim of the appellant that the order of the District Court which was fully carried out by the principal debtor has resulted in the full payment and satisfaction of the contract of guarantee sued upon. ·

The Court of Appeals in affirming the judgment stated (p. 168): " By analogy, the cases are applicable which hold that a composition in bankruptcy between a principal debtor and holders of instruments issued by it does not discharge the liability of indorsers, sureties, or guarantors upon such instruments, even though they participate in the composition proceeding as creditors of the principal debtor and accept dividends on the instruments from the maker (*Eastern Furniture Mfg. Co.* v. *Caminez,* 146 App. Div. 436; *Herrington* v. *Davitt,* 220 N. Y. 162)."

Motion for partial summary judgment is granted.