A. KLIPSTEIN & COMPANY, Plaintiff, *v.* HENRY LIPSCHITZ, Defendant.

Supreme Court, New York County, July 29, 1927.

Guaranty — action to recover balance due after bankruptcy of principal — compromise in bankruptcy was accepted by plaintiff at defendant's request — bankruptcy (Bankruptcy Act, §§ 14, 16) did not release liability.

The defendant guaranteed to the plaintiff the payment of invoices for purchases made by a corporation of which the defendant was president. Subsequently the corporation went into. bankruptcy and the plaintiff and other creditors accepted a composition offer. The plaintiff accepted this offer at the request of the defendant. Under sections 14 and 16 of the Bankruptcy Act the bankruptcy of the corporation did not affect the liability of the defendant and the plaintiff may recover the difference between the amount received from the corporation under the composition agreement and the total amount guaranteed.

ACTION to recover the difference between the total indebtedness, which the defendant had guaranteed to pay, and the sums received by the plaintiff under a composition in bankruptcy.

*Bernard J. Becker*, for the plaintiff, for the motion.

*Cohen & Haas*, for the defendant, opposed.

FRANKENTHALER, J. Defendant, president and sole stockholder of the Acme Shellac Products Corporation, guaranteed the payment of invoices for purchases made by said corporation from the plaintiff. The guaranty agreement was dated March 14, 1924, and plaintiff thereupon and between November 5, 1925, and February 3, 1926, sold the said corporation merchandise of the value of $6,407.09. The corporation was subsequently petitioned into bankruptcy. A composition in bankruptcy was offered of thirty-five per cent (which offer was signed by the defendant as president of the said Acme Corporation) and at the request of defendant plaintiff accepted said composition. The acceptance thereof was filed with the referee. Thereafter and prior to the

confirmation of the composition in bankruptcy, the defendant signed an additional agreement in writing dated the 14th day of April, 1926, whereby the defendant in consideration of the extension of time granted him upon the original guaranty, agreed to pay in installments the total indebtedness from the corporation to the plaintiff and agreed further that said original guaranty was not to be discharged by the acceptance of any payments from the corporation itself. Defendant defaulted in these payments and plaintiff brings this action for the difference between the total indebtedness and the sums received by him as a result of the composition in bankruptcy.

These facts are undisputed. The defense is that the acceptance of the composition in bankruptcy by the plaintiff discharged the original guaranty agreement and further that the second guaranty agreement was without consideration and was procured by duress. These defenses in the light of the facts and the law do not withstand analysis.

The most that can be said on behalf of defendant is that the plaintiff, feeling that there was some doubt as to the validity of his guaranty agreement after consent to the composition in bankruptcy, procured from the defendant a further guaranty in consideration of the extension of time under the original guaranty.

The additional agreement or extension was not necessary to safeguard the plaintiff's rights on the original guaranty. Plaintiff's acceptance of the composition was obtained with the full knowledge and approval of defendant and at his request, and what is more, a composition in bankruptcy and the acceptance thereof by a creditor does not discharge the guarantor of said obligation. Section 14, subdivision c, of the Bankruptcy Act (30 U. S. Stat. at Large, 550, chap. 541; U. S. Code, tit. II, § 32) provides: " The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." Defendant has relied upon that section, but reading further, there appears the provision: " Sec. 16. Co-debtors of bankrupts.— a The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." (30 U. S. Stat. at Large, 550, chap. 541; U. S. Code tit. II, § 34.)

The acceptance of a composition and even the voting in support of it does not discharge the guarantor of the obligation. (*Easton Furniture Mfg. Co.* v. *Camines,* 146 App. Div. 436; *Pacific Bank* v. *Michaelson,* 216 id. 120 [1926]; *Matter of American Paper Co.,* 255 Fed. 121.)

In the *Pacific Bank Case* (*supra*) the court reviews the identical issue which is here to be determined and states (at p. 123): " Defendant David Michaelson was not released as indorser upon the original obligation of the Thomas Shoe Company, even though the latter were discharged in bankruptcy, and even though a composition with the principal debtor had been assented to."

Nor is there anything in the alleged defense of duress in the execution of the agreement of April 14, 1926, which finds support in the affidavits.

Inasmuch as plaintiff's rights against the defendant on the original guaranty agreement survive the composition in bankruptcy, plaintiff has an absolute right to recover thereon and no facts are set up in the pleadings or affidavits which in any way defeat this right.

The motion for summary judgment is granted and the clerk directed to enter judgment for the plaintiff in the sum of $4,164.61, with interest thereon from February 3, 1926.