MARION H. SEIXAS, Plaintiff, *v.* JOHN C. HEGEMAN and Another, Defendants.*

Supreme Court, Special Term, New York County, September 24, 1935.

*Yankhauer, Davidson & Mann* [*C. Ira Funston* of counsel], for the plaintiff.

*Eidlitz, French & Sullivan* [*J. C. Fink* of counsel], for the defendants.

ROSENMAN, J.   Motion for summary judgment is granted.   The guaranty was not intended to terminate until *bona fide* leases of the annual face amount of $215,000 had been secured, eighty per cent of which (in amount) were not to expire before May 1, 1931. The bondholders were to have the protection of the guaranty until

---

*Affd., 246 App. Div. 813.

they could be sure that $215,000 in rentals would be received each year, and that eighty per cent of that amount at least was to continue after May 1, 1931. This amount was fixed at a definite figure, to be stipulated in *bona fide* leases. It was not contemplated that the amount was to remain indefinite and contingent, dependent upon the sales of a tenant. The very purpose of the clause was to substitute for the guaranty firm obligations of a fixed amount. Until that fixed amount was reached the guaranty was to remain effective. Neither the amount of $215,000 nor the percentage stipulated had been reached on the date claimed by the defendants.

The proceedings under section 77B of the Bankruptcy Act (U. S. Code, tit. 11, § 207) did not deprive the plaintiffs of their remedy against the guarantors. The stay of proceedings against the principal debtor is not similar to our moratorium statutes, the terms of which have been construed to apply expressly to guarantors, as well as principals. (*Klinke* v. *Samuels*, 264 N. Y. 144.)

The guaranty by its very terms contemplated the acceleration of the due date by the trustee on a contingency which has in fact occurred. It also provided for liability directly to the bondholders in the event of default. Under its provisions there seems to be no defense to this action. Settle order.