## In re DIVERSEY BLDG. CORPORATION.
### WEBER et al. v. DIVERSEY BLDG. CORPORATION.*
### Nos. 5853, 5881.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1936.

Rehearing Denied Dec. 1, 1936.

Arthur O. Kiesgen and James M. Gillespie, both of Chicago, Ill., for appellants.

Arthur Abraham, of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court perpetually restraining and enjoining appellants, creditors of the debtor, from instituting or further prosecuting any proceedings at law or in equity against the debtor, or against Fred Becklenberg, on account of any of the bonds secured by the debtor's trust deed of May 22, 1924, and guaranteed by Becklenberg.

The debtor by its trust deed had conveyed its property to a trustee to secure its first mortgage, six and one-half per cent bond issue of $1,250,000, and Becklenberg, on the same day, had unconditionally guaranteed the payment of the principal and

*Writ of certiorari denied 57 S. Ct. 492, 81 L. Ed. ——.

interest when due. Subsequently, foreclosure proceedings were instituted by the trustee because of defaults in payment of certain of the bonds and interest.

On March 1, 1933, appellant Weber sued Becklenberg on his guarantee of the bonds in the Municipal Court of Chicago, to recover principal and interest then in default, and on April 11, 1935, he recovered a judgment therefor in the sum of $1,193.30 and costs. No appeal was taken from that judgment and it never has been vacated, set aside or satisfied. Weber also has pending in the Superior Court of Cook County, a creditor's bill based upon that judgment.

On July 20, 1934, the debtor filed a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). A plan, accepted by two-thirds in amount of the allowed and affected claims in each class of creditors, was approved, and a decree consummating the reorganization was entered June 28, 1935. The plan contemplated, among other things, the release of Becklenberg from his original guarantee, and a new bond issue with reduced interest which was to be guaranteed by Becklenberg. The appellants did not accept the plan, and from the decree of June 28, 1935, there was no appeal. That decree provided that the original trust deed and its lien be satisfied, released, discharged, canceled and extinguished, and that the creditors of the debtor, whether or not their claims had been filed, be restrained and enjoined from instituting or prosecuting any suits at law or in equity, or otherwise against the debtor or its assets.

On October 16, 1935, the debtor filed its petition for a restraining order in the District Court, in which it was alleged among other things that suits at law had been begun in the courts at Chicago, and other such suits were threatened against the debtor and Becklenberg, the guarantor of the original issue; and that the effect of those suits would be injurious, expensive and harassing, in that the solvency of Becklenberg, which was of substantial advantage to the debtor and its bondholders, would be impaired. Appellant Weber by answer denied that he should be restrained from thus proceeding against Becklenberg, and averred that he was not a creditor of appellee debtor in the suit sought to be restrained, but that he considered himself a creditor of Becklenberg, individually

The matter was referred to a master who, on November 8, 1935, recommended that the restraining order issue. Upon leave of court, Weber amended his answer by the insertion of a denial of the court's jurisdiction to restrain him from proceeding against Becklenberg. Appellants' objections to the master's report were overruled and it was confirmed. That order of confirmation perpetually restrained and enjoined Weber and the other creditors of the debtor, and all holders of bonds secured by the original trust deed from further prosecuting any suits at law or in equity against either the debtor or Becklenberg on account of any of the bonds of the original issue.

The question here presented is whether the District Court had the power to release Becklenberg from his guaranty of the old bond issue in consideration of his guaranty of the new bond issue, pursuant to the reorganization plan which had been approved by the court after its acceptance by two-thirds in amount of the allowed and affected claims of each class of creditors, but which had not been accepted by appellants, who were bondholders of the original issue.

This question must be answered in the negative. Section 265 of the Judicial Code (28 U.S.C.A. § 379) provides that the writ of injunction shall not be granted by any federal court to stay proceedings in any state court, except where authorized by a law relating to proceedings in bankruptcy. Our attention has not been directed to any section of the Bankruptcy Act which would authorize the issuance of this injunction. It is quite true that the bankruptcy court has complete jurisdiction of the person and property of the debtor, and may protect that jurisdiction to the fullest extent by injunctive process, but further than this, it can not go. Appellee urges that authority for the injunction is to be found in section 2 (15) of the Bankruptcy Act (11 U.S.C.A. § 11 (15), and section 262 of the Judicial Code (28 U.S.C.A. § 377). Those sections, however, merely invest the court with power to protect its jurisdiction and to enforce its orders which do not exceed the limits of its jurisdiction.

The trouble here is that the court exceeded its jurisdiction with respect to the subject matter before it. Appellants were in no way interfering or threatening to interfere with the court's jurisdiction of

the debtor or its estate, or its lawful reorganization. Their actions and threatened actions were merely in derogation of that part of the plan which proposed to release Becklenberg's guaranty of the original bonds. Their position was sound and the court was without jurisdiction to restrain them in this respect. It is quite true that a continuation of appellants' activities might have frustrated the approved plan, but if so, it was because it was too extensive in its scope. It not only purported to reorganize the debtor's estate by reducing the amount of its debt and interest and extending the time of payment, but it also essayed to reduce the indebtedness of Becklenberg and extend his time for payment. His estate is not subject to reorganization under section 77B, and he can not modify his obligations by the reorganization of other insolvents. The only relief which he may seek under the Bankruptcy Act, with respect to his debts, is to be found under section 74 as amended on June 7, 1934 (11 U.S.C.A. § 202), and the provisions of the act as it existed before that amendment; and he is not entitled to relief under those provisions until he tenders his estate to the bankruptcy court for administration, and establishes the fact that he is insolvent, or is unable to meet his debts as they mature. None of these facts appear, hence the court was without jurisdiction to make the order complained of insofar as it affected the original guaranty of Becklenberg. This question was decided adversely to appellee's present contention by the Second Circuit Court of Appeals in Re Nine North Church Street, Inc., 82 F.(2d) 186. We are in accord with the conclusions therein expressed. They are supported by section 16 of the Bankruptcy Act (11 U.S.C.A. § 34) which provides that the liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt.

In support of the order, appellee relies upon Continental Illinois Nat. Bank & Trust Co. v. Chicago Rock Island & P. Railway Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110. It was there held that the court was warranted in restraining creditors, pending the preparation and submission of a plan of reorganization, from selling collateral deposited by the debtor with the creditors as security for the debtor's obligations, in which it was provided that the creditors might sell the securities upon default in payment by the debtor. We think the case is not in point. The record there disclosed that the fair value of the securities respectively held exceeded the several amounts of the debts, hence there was a valuable equity in the securities which belonged to the debtor and constituted a part of its assets. The restraining order merely served to protect the debtor's assets until a plan could be presented. Here, no such question arises, for the injunction involved related to acts which in no manner interfered with the debtor's assets.

The order is reversed and the cause is remanded with instructions to dissolve the injunction against appellants with respect to their actions against Becklenberg on his original guaranty, and for further proceedings not inconsistent with this opinion. It must be understood that this opinion is applicable only to the facts as here presented.