UNION TRUST COMPANY OF ROCHESTER, Respondent,
v. LOUIS P. WILLSEA, Appellant.

Argued April 22, 1937; decided July 13, 1937.

*Vilas M. Swan* for appellant. The obligation of the principal debtor, guaranteed by the defendant, has been paid in full. (*Brown* v. *Mason,* 55 App. Div. 395; 170 N. Y. 584; *Burns Bros.* v. *Solomon,* 150 Misc. Rep. 802.) In no event is the plaintiff entitled to a judgment against the defendant for the full amount of its original claim as asked in the complaint. (*Herrington* v. *Davitt,* 220 N. Y. 162; *Easton Furniture Co.* v. *Caminez,* 146 App. Div. 436; *Kilpstein & Co.* v. *Lipschitz,* 130 Misc. Rep. 291; *Loos* v. *McCormack,* 46 Misc. Rep. 144; 107 App. Div. 8; *Griffen* v. *Edelman,* 146 App. Div. 744; *Matter of Nine North Church St., Inc.,* 82 Fed. Rep. [2d] 186; *Matter of Diversey Building Corp.,* 86 Fed. Rep. [2d] 456.)

*Kenneth B. Keating* and *Nicholas E. Brown* for respondent. The defendant's affirmative defense is insufficient as a matter of law. (*Matter of American Paper Co.,* 255 Fed. Rep. 121; *Eastern Furniture Co.* v. *Caminez,* 146 App. Div. 436; *Herrington* v. *Davitt,* 220 N. Y. 162; *Klipstein & Co.* v. *Lipschitz,* 130 Misc. Rep. 291; *Matter of Kornbluth,* 65 Fed. Rep. [2d] 400; *Seixas* v. *Hegeman,* 158 Misc. Rep. 560; *Matter of Nine North Church Street, Inc.,* 82 Fed. Rep. [2d] 186; *Matter of Diversey Building Corp.,* 86 Fed. Rep. [2d] 456.) The defendant's affirmative defense does not constitute a partial defense to the plaintiff's cause of action. (*McGrath* v. *Carnegie Trust Co.,* 221 N. Y. 92; *Pollitz* v. *Wabash R. R. Co.,* 150 App. Div. 709; *Thompson* v. *Halbert,* 109 N. Y. 329; *Houston* v. *Coombs,* 224 App. Div. 396; *Schieffelin* v. *Hylan,* 205 App. Div. 360; *Brigham* v. *Gaynor,* 141 App. Div. 301; 203 N. Y. 27.)

HUBBS, J. This action is on a guaranty of payment. The answer is that the obligation has been satisfied and paid in full. The appellant executed and delivered to respondent a written guaranty of payment of all indebted-

ness of The Willsea Works, a domestic corporation, in an amount not to exceed $20,000 of principal at any one time. The principal debtor filed in the United States District Court a petition for corporate reorganization under section 77B of the Bankruptcy Act (U. S. Code, tit. 11, § 207). An order was made by the District Court confirming the plan of reorganization offered by the principal debtor to its creditors. It is the claim of appellant that the order of the District Court which was fully carried out by the principal debtor has resulted in the full payment and satisfaction of the contract of guaranty sued upon.

In the proceeding in the District Court, appellant filed its claim against the principal debtor which represented the same indebtedness set up in the complaint. The claim against the principal debtor was allowed in the proceeding in the District Court. Respondent appeared in that proceeding and actively participated in the various steps involved therein. The plan of reorganization submitted by the principal debtor, The Willsea Works, which was approved by the District Court, provided for payment in full to its creditors by the issuance of 5,000 shares of a new first preferred Class A, 5 per cent cumulative stock of the par value of $10. In pursuance of the order of the District Court approving and ratifying the plan, the new stock was issued and accepted by the creditors, including the respondent, which received 915 shares of the stock.

It is urged that the acceptance of that stock and participation by the respondent in the proceeding in the District Court constituted full payment of the guaranty agreement. The appellant relies upon the elementary principal of the law of suretyship, that the payment or satisfaction of the principal obligation discharges the guarantor and asserts that the provision of the order of the District Court that the delivery of the stock in pursuance of the terms of the order should constitute pay-

ment in full of the principal debt. There is no doubt about the principle relied upon by the appellant. (*Brown* v. *Mason*, 55 App. Div. 395; affd., 170 N. Y. 584; 28 C. J. p. 1003 and cases cited.)

We think, however, that the principle has no application in the situation here presented. The proceeding under section 77B involved the debtor and its creditors. It did not, in any way, affect the independent guaranty agreement entered into between the respondent and appellant and the District Court had no jurisdiction to adjudge that the claim was by the proceeding paid and discharged. True it is that respondent had made itself a party to that proceeding as a creditor of the bankrupt as it had a right to do as a creditor and as a creditor it received by virtue of the decree of the District Court the new stock issued by the bankrupt. The proceeding under section 77B is subject to all other applicable provisions of the Bankruptcy Act, but we are referred to no provisions of that law whereby a guarantor of a debt of the bankrupt is relieved of liability on account of a debt of the bankrupt as the result of a proceeding under section 77B unless such creditor has himself been adjudicated not liable in a proceeding instituted by or against him as a result of his own insolvency. There is no contention that the appellant is insolvent or that he has been discharged in bankruptcy or has petitioned for a composition or extension of time to pay his individual debts under section 74 of the Bankruptcy Act (47 U. S. Stat. 1467 as amd.; U. S. Code, tit. 11, § 202). Section 16 (U. S. Code, tit. 11, § 34) thereof expressly provides that the liability of one who is a guarantor or surety for a bankrupt shall not be altered by the discharge of such bankrupt. (*Matter of Nine North Church Street, Inc.*, 82 Fed. Rep. [2d] 186; *Matter of Diversey Building Corp.*, 86 Fed. Rep. [2d] 456; certiorari denied, 57 Sup. Ct. Rep. 492; *Seixas* v. *Hegeman*, 158 Misc. Rep. 560; affd., 246 App. Div. 813.)

By analogy, the cases are applicable which hold that a composition in bankruptcy between a principal debtor and holders of instruments issued by it does not discharge the liability of endorsers, sureties or guarantors upon such instruments, even though they participate in the composition proceeding as creditors of the principal debtor and accept dividends on the instruments from the maker (*Eastern Furniture Mfg. Co.* v. *Caminez*, 146 App. Div. 436; *Herrington* v. *Davitt*, 220 N. Y. 162.)

Respondent, in accepting the new stock, did not accept it as payment or partial payment of its claim. There is no allegation in the answer as to the value of the stock. For all that appears, it may not have any value. True it is that respondent cannot have payment of its claim and also retain the stock. Upon payment by the appellant of the judgment, he will be subrogated to the rights of the respondent in the stock. No doubt the judgment entered would have so provided if it had been requested instead of insisting that the claim had been fully paid by force of the order entered by the District Court and by the acceptance of the stock. The small payment made by the principal debtor in lieu of a fraction of a share of stock may be disregarded under the principle of *de minimis*.

The judgment should be affirmed with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., taking no part.

Judgment affirmed.