WINTER, Respondent, vs. TREPTE and others, Appellants.

*February 15—March 12, 1940.*

194

196

For the appellants there were briefs by *Harvey C. Hart-wig*, attorney, and *William A. Doll* of counsel, both of Milwaukee, and oral argument by *Mr. Hartwig*.

For the respondent there was a brief by *Karon & Weinberg* of Milwaukee, and oral argument by *Morris Karon*.

FAIRCHILD, J.   The proceedings looking toward the reorganization of the mortgagor in the bankruptcy proceedings did not in any manner alter the liability of the guarantors on the bonds upon which this action is brought.   The guaranty was to secure the performance of all covenants of the bond issue.   It provided that it was "for the benefit of all present and future owners and holders of any of said bonds at any time issued and outstanding."   The guarantors waived presentment, demand, notice of default, and other notices, and agreed to "remain liable as principal until all of said bonds with interest have been paid, in full, notwithstanding any changes in the indebtedness or the security . . . and notwithstanding any act or thing which might act as a legal or equitable discharge of a surety."   The guaranty was to remain valid and binding even after the trust mortgage or any of the bonds became void, invalid, or not binding, or failed or ceased to be a lien.

In the bankruptcy proceedings a plan acceptable to two-thirds of the bondholders was presented by a bondholders' protective committee, and was approved by the court March 29, 1938.   Under this plan the trust indenture was

to be released and the mortgage bonds exchanged for Class B preferred stock. Neither this plan nor the act of the owners of the bonds or their predecessors in relation thereto extinguished the original debt or discharged the guarantors from their liability under the guaranty. The principles of suretyship that satisfaction of the principal obligation discharges the guarantors does not become applicable under the facts of this case. As said in *Union Trust Co. v. Willsea,* 275 N. Y. 164, 167, 9 N. E. (2d) 820: "The proceeding under section 77B involved the debtor and its creditors. It did not, in any way, affect the independent guaranty agreement entered into between the respondent and appellant and the district court had no jurisdiction to adjudge that the claim was by the proceeding paid and discharged." The district court in the bankruptcy proceeding in this matter did not adjudge that the claim was paid, but did rule with reference to the plan for the acceptance of preferred stock that "the issuance of this stock to second-mortgage bondholders in substitution for their bonds shall be deemed a change in the form of indebtedness within the meaning of the second-mortgage bonds guarantee, and shall not be construed as a payment of said second-mortgage bonds or satisfaction of the mortgage securing the same, and the guarantors of the second-mortgage bonds [naming them] shall remain and be liable to second-mortgage bondholders to the extent of the principal of said second-mortgage bonds. Second-mortgage bondholders shall have the right to enforce said guarantee by action."

The appellants rely on the principles of suretyship for their defense against the liability arising out of their written guaranty to the effect that release of the principal debtor by the creditor discharges the surety. That principle is not involved here, however. It is said in *Guild v. Butler,* 122 Mass. 498, 501: "The proceedings for a composition under the statute, depending for their validity and operation, not upon the act of the particular creditor, but upon the resolution passed by

the requisite majority of all the creditors, binding alike on those who do and on those who do not concur therein, . . . and finally confirmed and established by the court upon a consideration of the general benefit of all concerned, differs wholly in nature and effect from a voluntary composition deed, which binds only those who execute it."

The reasons underlying this rule are that the entire matter is subject to the control of the bankruptcy court and intended for the relief of insolvent debtors who are the only ones to be discharged, and that whatever is done to the debt is done by operation of law and does not constitute a release by the creditor. The debt itself is not extinguished. The discharge of the bankrupt forms a personal defense to him against further limitation on the debts declared upon in the bankruptcy proceeding. Being but a personal defense, it is not available to anyone else. Starting with the admitted fact that in bankruptcy the guarantor or surety is not discharged by the release of the bankrupt, it follows that in the absence of payment no release of the guarantors can be claimed. This is because the creditor does as he is required to do under the provisions of the law. Whatever results were produced by the reorganization proceedings were accomplished by operation of law and not by the voluntary act of the creditor. Upon payment, the guarantor is subrogated to the rights of the creditor whom he pays. *Cumberland Glass Mfg. Co. v. De Witt,* 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042; *Dimock v. Revere Copper Co.* 117 U. S. 559, 6 Sup. Ct. 855, 29 L. Ed. 994; *Moyer v. Dewey,* 103 U. S. 301, 26 L. Ed. 394; *In re Nine North Church St* (2d Cir.) 82 Fed. (2d) 186. See also *In re Diversity Building Corp.* (7th Cir.) 86 Fed. (2d) 456; *Seixas v. Hegeman,* 158 Misc. 560, 285 N. Y. Supp. 838; *Easton Furniture Mfg. Co. v. Caminez,* 146 App. Div. 436, 131 N. Y. Supp. 157; *Klipstein & Co. v. Lipschitz,* 130 Misc. 291, 223 N. Y. Supp. 822; *In re American Paper Co.* (D. C.)

255 Fed. 121; *Union Trust Co. v. Willsea, supra;* 6 Am. Jur. p. 821, §§ 512, 513; 11 USCA, § 34; Bankruptcy Act, sec. 16; 6 Am. Jur. p. 1821, § 855 (h).

We have not searched for the source of the rule as expressed in section 16 of the Bankruptcy Act any further back than the case of *Brown v. Carr,* 2 Russell Rep. 600 (chancery of England), where it was held that a creditor, pending an action on a guaranty, against a surety who contests, proves the debt under a commission of bankrupt against the principal debtor, and, by his signature, enables the bankrupt to obtain his certificate, though the surety had given the creditor notice not to sign it, the surety is not thereby discharged from his liability on the guaranty.

The generally accepted doctrine as found in the cases and among text writers is that the discharge of a debtor in bankruptcy, while it deprives the surety of all recourse against the principal for his indemnity, will not release the surety. 4 Stearns, Law of Suretyship, p. 145, § 100, and cases cited. But the surety may be subrogated to the rights of the creditor to whom he makes payment.

There are assignments of error brought by appellant which show industry and ingenuity of counsel, but cannot be of avail on the record here presented. The appellants placed themselves under an obligation by an instrument in writing of which the trial judge said: "It plainly appears that there was a studied intention to prevent the interposition of any defense by the guarantors based on a variance of the debt or other acts of bondholders which might, in the absence of such provisions, be regarded as adversely affecting the bondholders' rights against the guarantors."

In so far as the questions raised particularly relating to matters of practice in motions for a summary judgment, we are convinced the guaranty permitted the bondholder to enforce his claim in an action brought by himself when the trustees failed to do so. The trustees here have been dis-

charged, and they have announced their intention to refuse to bring any action or take any part in proceedings looking toward the collection of the amounts due upon the bonds. The guaranty runs to the trustees but is for the benefit of the bondholder. It provides that upon the failure and refusal of the trustees to bring the action, then "the legal holder or holders . . . may thereupon proceed by suit, action, or other proceedings for the enforcement of their remedies hereunder."

As the matter stands, the one interested in the collection of these particular bonds is the plaintiff, and the fact that he acquired them at very little cost does not result in any defense or offset in favor of the guarantors.

In the trial court, after argument upon the motion for summary judgment, the court asked for additional information which was supplied in due season and which completed the showing that entitled the plaintiff to a summary judgment. We find in this no disturbance of orderly procedure. The appellants were accorded a full opportunity to supply any facts they deemed material, and the judgment as entered is in accordance with the court's determination. The motion papers, while not using the precise phrases suggested as being formal, contained all that was necessary to advise appellants of the claim of and the position taken by respondents, and were effective compliance with the rules in such cases made and provided.

*By the Court.*—Judgment affirmed.