ALLEN, Appellant, vs. TREPTE and others, Respondents.

*April 15—May 20, 1941.*

For the appellant there were briefs by *Karon & Weinberg* of Milwaukee, and oral argument by *Morris Karon.*

For the respondents the cause was submitted on the brief of *Harvey C. Hartwig* of Milwaukee.

ROSENBERRY, C. J.    This action grew out of transactions described in *Winter v. Trepte* (1940), 234 Wis. 193, 290 N. W. 599.   In that case the court held that corporate reorganization proceedings of a mortgagor under the Bankruptcy Act did not alter the liability of guarantors of bonds of the mortgagor where the guaranty was made to secure all covenants of the bond issue and was for the benefit of present and

future owners of any of the bonds, and the guarantors waived presentment, demand, notice of default, and other notices, and agreed to remain liable until all the bonds should be paid in full, notwithstanding any changes in the indebtedness or the security.

It was further held that a guarantor or surety was not discharged by the release of the bankrupt and hence, in the absence of payment, no release of the guarantor can be claimed for the reason that the creditor does only what he was required to do under the provisions of the Bankruptcy Act; that under such circumstances the holder of mortgage bonds given by the bankrupt debtor was entitled to enforce his claims by an action against the guarantors.

In that case the bondholder surrendered his bonds as he was required to do and received in exchange certain stocks, which he retained at the time of the commencement of the action. In this case the bondholder accepted the stock in exchange for the bond but instead of commencing an action against the guarantor, sold the stock to the plaintiff and transferred the certificates by the customary form of assignment on the back of the stock certificates. No attempt was made to assign any claim the assignor might have against the guarantors. Plaintiff claims that as assignee of the stock she had the same right against the guarantors of the bonds as her assignor would have had or as in the other case the same right that Winter had.

The question for decision therefore is, Did the assignment of the stock carry with it the bondholder's right of action against the guarantors? As the trial court pointed out, the important difference between the facts in the *Winter Case* and in this case is that in the *Winter Case* the plaintiff had been the owner of bonds for which he had been obliged to accept stock, while here the plaintiff is the owner of stock which she received from a corporation in lieu of stock which had been assigned to her by one who had in a bankruptcy

proceeding become the owner of stock delivered to him in exchange for bonds. The proceedings in the bankruptcy case did not discharge the debt nor deprive the creditor of his right to proceed against the guarantors of the bonds. The plaintiff in that case was a bondholder. In this case the plaintiff is not a bondholder. Plaintiff argues very strenuously that the assignment of the stock carried with it as collateral security the guaranty and that the plaintiff as assignee is entitled to enforce the guaranty. The language of the assignment was—

"For value received, we hereby sell, assign and transfer unto Alice Allen . . . thirty shares of the perferred stock represented by the within certificate. . . ."

The guaranty never was security for thirty shares of preferred stock. The guaranty was for the payment of the indebtedness represented by the bond. A bondholder might proceed against the guarantor because he was the owner of the indebtedness. The stock held by the plaintiff does not represent an indebtedness, it represents an interest in the assets of the reorganized corporation. How the plaintiff can claim that the guaranty is an incident to the transfer of this stock we are unable to understand. The plaintiff was not required by operation of law to accept the stock on account of any indebtedness owing from the corporation to her.

Plaintiff relies upon *Tidioute Savings Bank v. Libbey* (1898), 101 Wis. 193, 77 N. W. 182, and many other cases of the same type, all of which relate to the transfer of secured debts. The transfer of the stock transferred an interest in corporate property, not a debt.

*By the Court.*—The order appealed from is affirmed.