KELBY et al. v. MANUFACTURERS TRUST CO. et al.

No. 201, Docket 20501.
Circuit Court of Appeals, Second Circuit.
June 12, 1947.

Ross W. Lynn, of New York City, for appellant Lulu R. Kelby, trustee in bankruptcy of New York Investors, Inc.

Irving L. Schanzer, of New York City (Hooker, Alley & Duncan and James B. Alley, all of New York City, on the brief), for appellant Realty Associates Securities Corp., debtor.

Perry A. Hull, of New York City (Newman & Bisco, of New York City, on the brief), for appellees Manufacturers Trust Co., indenture trustee, and Parties in the Armed Services.

Jack L. Rappaport, of New York City (Lewis, Marks & Kanter and Lloyd B. Kanter, all of Brooklyn, N. Y., and Julius Silver, of New York City, on the brief), for appellee Bondholders' Protective Committee.

Percival E. Jackson and Theodore N. Tarlau, both of New York City, for appellee Vanneck Realty Corp.

George Zolotar, Sp. Counsel, Securities and Exchange Commission, of New York City (Roger S. Foster, Sol., Robert S. Rubin, Asso. Sol., and Alfred Hill, all of Philadelphia, Pa., and Ezra Weiss and Kiva Berke, both of New York City, on the brief), for appellee Securities & Exchange Commission.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal presents two quite distinct questions. The first, raised by Kelby as trustee of the bankrupt New York Investors,

Inc., is whether she may recover by way of subrogation for her estate a part of certain payments made to bondholders of the debtor, Realty Associates Securities Corporation, on the guaranty of such bonds by the bankrupt. The second, raised by the debtor and its sole stockholder, Consolidated Realty Corporation, is whether it or the fund in dispute should bear the expenses of a proceeding before a special master to determine the issue arising upon the guaranty. The District Court, accepting the report of the master, denied Kelby's claim and awarded the disputed sum to the holders of the guaranteed bonds. D.C.E.D.N.Y., 66 F.Supp. 416, 422–424. She therefore appeals. In that order the court made no provision as to costs and expenses, but in a later order it made allowances to the master from the debtor's estate. From these two orders, the debtor and its stockholder appeal.

The claim of the guarantor arises because the guaranteed bonds, originally issued by the debtor in 1925, 1927, and 1928, were the subject of a composition agreement in 1933. At that time the debtor, then in financial straits, sought relief in bankruptcy and secured it by the agreement, duly confirmed, under which it made a cash payment upon the principal and obtained a postponement of the maturity of the debt until 1943, with a reduction of the rate of interest from 6 to 5 per cent per annum. The guarantor did not participate in the composition. The rights of the bondholders against it were specifically retained in the new indenture drawn as a result of the composition—a consequence which would have followed without express statement under the specific provisions of the Bankruptcy Act, § 16, 11 U.S.C.A. § 34. In re Nine North Church St., 2 Cir., 82 F.2d 186. On January 7, 1935, the guarantor was forced into the reorganization court, and later it was adjudicated bankrupt. It is hopelessly insolvent and has

paid only two dividends—a first in 1940 of 1.9 per cent, and a "final" dividend in 1945 of 0.1694 per cent. The payments thus made upon its guaranty were in fact less in amount than the 1 per cent saving in interest, computed from the effective date of the composition to the date of the petition against the guarantor.

■ In 1943, before the new maturity of the bonds, the debtor began reorganization proceedings under Chapter X; but in 1945, its sole stockholder advanced funds to pay its obligations in full[1] and the reorganization proceedings are being terminated upon the adjudication of the few issues remaining for determination. One of these is the effect of the guarantor's payments. The debtor raises no issue as to its obligation to pay the amount here involved to some one and in fact has paid an amount in excess of $150,000 into court pending the adjudication of the conflicting claims as to it.[2] The District Court awarded this sum to the bondholders on the theory that, even though they have already received from the debtor everything due under the terms of the 1933 composition, yet as against the guarantor they have not received the amount guaranteed. We think that this conclusion is correct.

The guarantor's trustee does not take the extreme position that the payments made on its behalf should be so marshaled as to apply entirely on the lessened obligation of the debtor under the composition. That would be directly opposed to the reservation of rights against the guarantor therein contained. She says, however, that this being a proceeding for equitable distribution of assets, the court, not the creditors, must determine the fair and equitable application of the payments made. And such application, she urges, should be based upon the premise that the payments made on behalf of her guarantor were not intended

---

[1] It appears that Consolidated Realty Corporation is a wholly owned subsidiary of the Reconstruction Finance Corporation, and that the latter is the principal creditor of the guarantor, owning some $15,000,000 of the $53,000,000 in claims filed against the guarantor. But since our decision does not turn particularly upon the equities between the parties, we have had no occasion to assess the merits of the arguments advanced by the appellees based upon these interrelationships.

[2] The exact amount will vary somewhat, depending upon the rate of interest on the principal debt applicable against the debtor during the pendency of the proceedings—an issue before us upon another appeal.

to apply to any separate part of the obligation, but to the whole obligation in its entirety, and that they should be considered as so distributed. Then by an ingenious computation of the ratio of the amount, principal and interest, for which the guarantor and the debtor were both liable up to January 7, 1935, and the amount for which the guarantor was solely liable during the same period, i. e., additional interest at the rate of 1 per cent, she arrives at the amounts of her guarantor's payments applicable to the portion for which it alone is liable and those applicable to the portion for which the debtor is also liable and has now paid. These latter she claims for her estate by subrogation, citing American Surety Co. of New York v. Bethlehem Nat. Bank, 314 U.S. 314, 317, 62 S.Ct. 226, 86 L.Ed. 241, 138 A.L.R. 509.

The exact ratio of computation need not be discussed here and indeed was not by the District Court or by the appellees, since that question was never reached. It is obvious that the obligation owed by the guarantor alone, based as it is only on the interest differential, will be comparatively small; upon her figures appellant allots some $3,366.81 only to the bondholders, with the rest claimed for her estate.

Of course the competing interests are the various creditors of the guarantor. All the guarantor's direct creditors are receiving only a scanty dividend, while these bondholders are being paid in full so far as their rights against their principal debtor is concerned. And the trustee relies upon cases of which Orleans County Nat. Bank v. Moore, 112 N.Y. 543, 20 N.E. 357, 3 L.R.A. 302, 8 Am.St.Rep. 775, is a good example both in its actual decision and in its announcement of applicable equitable principles. There the proceeds received from the security for several debts owed the same creditors were held to be applied pro rata on all the debts without regard to the priority of date of the debts or the fact that for some of them the creditor held other security. Thus an individual who was surety for one debt and not for another could not claim the application of the amount realized entirely on the debt for which he was liable, nor could it be used

against him entirely on some less secured obligation. And this seems to be a principle of wide, though not universal, acceptance. Armstrong v. McLean, 153 N.Y. 490, 47 N.E. 912; Title Guarantee & Trust Co. v. Mortgage Commission, 273 N.Y. 415, 7 N.E. 2d 841; Scherk v. Newton, 10 Cir., 152 F.2d 747, 749, pointing out two other alternative rules; 2 Restatement, Contracts, 1932, § 593; and see cases illustrating the various rules collected 50 A.L.R. 543, 546, 108 A. L.R. 485, 487, 115 A.L.R. 40, 42.

While the suggested analogy has some elements of appeal, we do not think it can fairly be held apposite. The marshaling of securities, on insolvency of a debtor, pro rata among various obligations secured so that no disproportionate burden is put upon one set of obligors or benefit denied one set of obligees is consistent and equitable in the light of the obligations assumed, and any other course would tend to benefit some of the creditors unduly. The situation is different, however, when the debtor in question has assumed a definite obligation which remains still unreleased, unmodified, and unsatisfied. To make the application of the funds as claimed by the guarantor's trustee is to set at nought—just as surely, if not quite so extensively, as by the allocation of the entire amount towards payment of the reduced debt—the quite legal reservation of rights against the guarantor in the composition agreement. This cannot be done. Union Trust Co. of Rochester v. Willsea, 275 N.Y. 164, 9 N.E.2d 820, 112 A.L.R. 1175; Winter v. Trepte, 234 Wis. 193, 290 N.W. 599; In re Diversey Bldg. Corp., 7 Cir., 86 F.2d 456, certiorari denied Diversey Bldg. Corp. v. Weber, 300 U.S. 662, 57 S.Ct. 492, 81 L.Ed. 870. Until the original and uncancelled obligation has been paid, the guarantor's general creditors cannot receive back amounts paid to these creditors.

This disposes of this particular appeal. The parties have argued various subordinate contentions which, however, are settled by the basic views thus stated. Thus the trustee asserts that the original bonds were modified and partly paid, rather than superseded, relying upon Realty Associates Securities Corp. v. O'Connor, 295 U.S. 295, 55

S.Ct. 663, 79 L.Ed. 1446,[3] and that under the Bankruptcy Act, § 14, sub. c, 11 U.S.C.A. § 32, sub. c, as it then stood, the confirmation of the composition discharged all debts other than those agreed to be paid by the composition. From this she takes some support for her position by arguing in effect that the guarantor's obligations went no further that the modified debt. But this is against the cases holding that there is a new obligation so far as the primary obligor is concerned, but that the guaranty attaches to the old debt and remains unmodified in its terms. McClintic-Marshall Co. v. City of New Bedford, 239 Mass. 216, 131 N.E. 444; Easton Mfg. Co. v. Caminez, 146 App.Div. 436, 131 N.Y.S. 157. In effect these are but variations of the argument which we have rejected.

■ We turn now to the question as to who should bear the expenses of this proceeding. Sec. 241 (2) of the Bankruptcy Act, 11 U.S.C.A. § 641(2), authorizes compensation from the debtor's estate for special masters.[4] Here the master performed a task essential to the administration of the estate, the award of a sum of money to one of two rival claimants. The debtor had no interest in which of the two claimants succeeded. But it had itself precipitated the controversy and made necessary the proceeding to resolve it. This it had done by its resort to the Bankruptcy Act in 1933 and again in 1943. Where a debtor has voluntarily placed its estate in the hands of a court for administration, it cannot complain when the necessary expenses of that administration are charged against it. If the estate is actually insolvent, considerations of equitable distribution of assets among various classes of creditors may to some extent influence the allocation of costs. Here, however, the debtor is solvent, and no creditors will be adversely affected by the debtor's payment of its expenses.

If this were a proceeding wherein a creditor sought to establish a meritless claim against the opposition of the debtor, the expenses would not be charged against the debtor. Such a ruling would encourage claimants "to fight tooth and nail to their last unsubstantial contention," Warren v. Palmer, 2 Cir., 132 F.2d 665, 668, and thus hamper and delay the debtor's rehabilitation. Such a situation is not present here, for the debtor admits liability on these particular bonds to one party or the other, and title to the fund must be determined before the estate can be wound up. That the debtor might have resorted to interpleader and thus avoided the cost of the proceeding is immaterial; for reasons it deemed sufficient, it resorted instead to a proceeding in reorganization. Costs must be governed by the provisions governing it.

■ We see nothing erroneous in the District Court's omission to mention counsel fees and expenses in its order awarding the guaranty fund to the bondholders. Clearly the court had discretion to postpone decision of this issue to a later hearing. In fact is has not yet been considered; there will be time enough for that when and if application for fees is made by counsel. It is indeed true that the court's later order requiring the debtor to pay the master's fee and our affirmance of that order afford precedents tending to support an award of counsel fees out of the debtor's estate. Nevertheless the debtor will have full opportunity to oppose such an award when it is moved, and to appeal if its contentions are rejected.

Affirmed.

---

[3] This case discussed the effect of the composition agreement, but only in connection with the computation of the allowance to be made to the special master in those proceedings.

[4] This section is the first of three, §§ 241–243, embodying a policy of the 1938 Chandler amendments to the Bankruptcy Act to encourage liberal compensation to parties aiding in the administration of estates in reorganization. The purpose of this policy was to free creditors' representatives and others participating in reorganizations from financial dependence on the debtor and the insiders allied with it. See Note, 50 Yale L.J. 1492, 1493.