HAROLD GORDON, Respondent, v. SEYMOUR CHAGRIN, Appellant.—

This action is to recover from the indorser the balance unpaid on the note. It appears that about three years after the date of the note, the corporation, acting through defendant, filed a petition for arrangement under chapter XI of the Federal Bankruptcy Act; that thereafter plaintiff filed a written consent to accept an amended arrangement; and that plaintiff received and accepted the installment payments in consummation of such arrangement. Under the abbreviated pleadings permitted by the Nassau County District Court Act, it was not necessary to plead formally the facts constituting waiver of presentment for payment and notice of dishonor usually required in long-form complaints. The question of waiver was argued, briefed, and litigated in the trial court. The proof showed that there was an implied waiver of presentment and notice of dishonor by defendant's affirmative participation in acts which caused the corporate maker to fail to pay the note (*O'Bannon* v. *Curran,* 129 App. Div. 90; *Adam Metal Supply* v. *Trauth Mfg. Co.,* 276 App. Div. 997). Defendant was not discharged by plaintiff's

acceptance of the amended arrangement without a reservation of rights against the indorser (Negotiable Instruments Law, § 201, subd. 5), since the release of the corporate maker was by operation of law and not necessarily by act of the plaintiff (*Union Trust Co.* v. *Willsea,* 275 N. Y. 164; *Easton Furniture Mfg. Co.* v. *Caminez,* 146 App. Div. 436). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.