OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order for summary judgment against the defendant Howard Katz for the relief demanded in the complaint.
The cause of action on which the motion for summary judgment is predicated arises out of a guarantee of payment of a lease liability of E.S.H.L., Inc., to plaintiff whereby it agreed to pay $699.61 monthly from September, 1976 until September, 1979 as rental for eight cash registers. Upon termination of the lease, E.S.H.L., Inc., was obligated to return the equipment to plaintiff. Defendant Howard Katz who was then an officer of E.S.H.L., Inc., guaranteed the company’s performance under the lease and guaranteed the payment of any moneys due under the lease.
Defendant Katz, in his opposing affidavit, contends that he terminated all association with E.S.H.L., Inc., one year after the subject lease was entered into and approximately one and one-half years before the default which gave rise to the action, and that he revoked all continuing or noncontin *897 uing guarantees of the obligations of E.S.H.L., Inc., by a letter sent to all creditors including the plaintiff. Further he contends that plaintiff has received payments through the bankruptcy court’s order which required the debtor in possession (E.S.H.L., Inc.) to continue making payments to plaintiff, and that the participation of the plaintiff in the chapter 6 proceedings of the debtor (E.S.H.L., Inc.) constitutes a settlement of its claim against the obligor and as such constitutes a release of the surety.
This court cannot agree with the contentions of the defendant. The unilateral revocation is ineffective against the plaintiff which had leased the equipment in question to E.S.H.L., Inc., relying on the defendant’s guarantee, and plaintiffs participation in the chapter 6 proceedings of E.S.H.L., Inc., does not result in a discharge of the guarantor of the debtor (Union Trust Co. of Rochester v Willsea, 275 NY 164; 57 NY Jur, Suretyship and Guaranty, §§ 206,207).
The affidavit of the defendant is insufficient to raise triable issues of fact. The only substantial issue raised is as to the amount paid by the debtor in possession to the plaintiff, and the existence of a triable issue of fact as to the extent of the damages shall not bar the granting of summary judgment (CPLR 3212, subd [c]).
The plaintiffs motion for summary judgment is granted and the matter is referred to Part I Trial Term of the Supreme Court, Albany County, for an immediate hearing to assess the amount of damages due plaintiff pursuant to CPLR 3212 (subd [c]).