■ FRANK TAUBES et al., Appellants, v WALTER STUART, Respondent.—In an action to recover upon a guarantee of payment pursuant to an agreement dated November 19, 1981, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered July 2, 1990, which, upon an order of the same court, entered January 23, 1990, denying their motion for summary judgment and granting the defendant's cross motion for summary judgment, is in favor of the defendant and against them dismissing the complaint. The appeal from the judgment brings up for review the order entered January 23, 1990.

Ordered that the judgment is reversed, on the law, with costs, the order entered January 23, 1990, is vacated, the plaintiffs' motion for summary judgment is granted, the defendant's cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment in the plaintiffs' favor in the principal sum of $36,351.56, with interest of 18% per annum from January 15, 1986, and for a hearing and determination as to the plaintiffs' reasonable attorneys' fees.

On November 19, 1981, the plaintiff Frank Taubes, the sole shareholder of the plaintiff corporation A.M. Sampling Inc., leased two buses to Long Island Airports Limousine Service Corp (hereinafter LIALS). According to the agreement, rental payments of $2,596.57 per bus per month were to be made for

a period of five years, and a final "balloon" payment of $114,609 was due on November 18, 1986. At the end of the lease term, LIALS had an option to purchase the buses for $28,760. The agreement also provided that in the event of a default, LIALS would have to pay 18% interest on "[a]ll past due rent". Under the agreement a "default" included "[l]essee's becoming insolvent or bankrupt". Simultaneously with the execution of the lease, the defendant Walter Stuart, an officer of LIALS, executed a personal guarantee of payment. Thereafter, the plaintiff Taubes assigned the equipment lease to the plaintiff corporation.

Subsequently, the lessee LIALS failed to make rent payments for the months of August through December 1985 and July and August 1986. As a result of the default, LIALS owed the plaintiff corporation a total of $36,351.56. On January 23, 1986, the lessee LIALS filed a voluntary petition for reorganization in bankruptcy in the United States District Court for the Eastern District of New York. On September 30, 1986, the plaintiff corporation filed a proof of its claim with the clerk of the bankruptcy court.

Thereafter, an arrangement was worked out between the plaintiff corporation, the lessee LIALS, and a third party Textron Capital Corporation (hereinafter Textron). Textron was to purchase the buses from the plaintiff corporation for a sum of $121,000. Then LIALS was to purchase those same buses from Textron and pay Textron for the buses in installment payments. This arrangement was approved by the bankruptcy court.

By summons and complaint dated July 18, 1988, the plaintiffs commenced the instant action. They alleged that pursuant to the terms of the guarantee, and in light of the lessee LIALS's default, they were entitled to recover $36,351.56 with interest of 18% per annum from January 15, 1986, "the mean interest date". Furthermore, the plaintiffs requested that the defendant guarantor be required to pay their attorneys' fees, as set forth in the guarantee.

By motion returnable July 28, 1989, the plaintiffs sought summary judgment in their favor. The defendant then cross-moved for summary judgment dismissing the complaint. The court denied the plaintiffs' motion and granted the defendant's cross motion.

It is well-settled that the liability of a guarantor of a corporate debt is not affected by the institution of bankruptcy proceedings involving the corporation *(see, Union Trust Co. v*

*Willsea,* 275 NY 164; *see also,* 63 NY Jur 2d, Guaranty and Suretyship, § 260, at 356). Since the arrangement made by LIALS and the plaintiff corporation was put into effect by operation of the bankruptcy laws and not by the act of the plaintiffs, the defendant guarantor was not discharged *(see, Union Trust Co. v Willsea, supra; Gordon v Chagrin,* 15 AD2d 956; *Richmond v L & H K Realty Corp.,* 31 AD2d 844). Furthermore, we note that the language of the guarantee which states "[g]uarantor waives any defense arising by reason of any disability or other defense of Debtor *or by reason of the cessation or modification from any cause whatsoever of the liability of Debtor"* prevents the guarantor from being discharged from liability based upon the discharge of LIALS from liability in bankruptcy *(see, First Natl. Bank v Burley,* 162 AD2d 910).

The plaintiffs are also entitled to reasonable attorneys' fees. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.