■ FRANK TAUBES et al., Appellants, v JEAN STUART et al., Respondents. [621 NYS2d 90] —In an action to set aside a conveyance as fraudulent as to them, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered September 8, 1993, which, upon an order of

the same court, dated May 12, 1993, denying their motion to dismiss the defendants' affirmative defenses and granting the defendants' cross motion for summary judgment, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is reinstated; and it is further,

Ordered that the provision of the order dated May 12, 1993, brought up for review on the appeal from the judgment (CPLR 5501 [a] [1]), which granted the defendants' cross motion for summary judgment, is vacated, the cross motion is denied, the provisions of that order which denied those branches of the plaintiffs' motion which were to dismiss the defendants' affirmative defenses are stricken, and those branches of the motion which were to dismiss the first and third affirmative defenses are granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In the instant action, the plaintiffs seek a judgment declaring that the transfer of certain stock from Walter Stuart to Jean Stuart "comes within the purview of section 273-a of the Debtor and Creditor Law". The plaintiffs rely on Debtor and Creditor Law § 273-a, alleging that the transfer of stock was made during the pendency of a prior action for damages brought in 1988 by the plaintiffs against Walter Stuart. This earlier action was dismissed by the Supreme Court, but the judgment dismissing the action was reversed by this Court (*Taubes v Stuart,* 181 AD2d 669), and judgment was thereafter entered on March 18, 1992, in the principal sum of $36,351.86. In their answer in the instant action, the defendants raised affirmative defenses based on (1) the alleged failure to state a cause of action against Jean Stuart, (2) the alleged failure to acquire personal jurisdiction over Walter Stuart, and (3) the claim that, at the time of the transfer of stock, no action was pending between the parties.

The plaintiffs made a motion (1) for summary judgment declaring that the transfer, which occurred on January 2, 1991, was presumptively fraudulent within the meaning of Debtor and Creditor Law § 273-a, and that Jean Stuart is liable to the plaintiffs for the value of the stock, (2) for appointment of an appraiser, and (3) to strike all three affirmative defenses. The defendants cross-moved for summary judgment. Walter Stuart averred, in support of this cross motion, that Jean Stuart paid "fair consideration" to Long

Island Airport Limousine Service Corp. at his behest in return for his transfer of the stock to her. He also argued that Debtor and Creditor Law § 273-a was inapplicable, because the transfer occurred after the Supreme Court had dismissed the 1988 action for damages but before that action was reinstated by this Court *(see, Taubes v Stuart, supra)*.

The Supreme Court, in the order dated May 12, 1993, denied those branches of the plaintiffs' motion which were for summary judgment and to dismiss the three affirmative defenses. The other branches of the motion were not addressed. The Supreme Court also granted the defendants' cross motion. The plaintiffs then moved for leave to reargue and leave to amend their complaint. In an order dated August 19, 1993, leave to reargue was denied, and the court did not address that branch of the motion which was for leave to amend. A judgment in favor of the defendants was entered on September 8, 1993, and the plaintiffs appealed.

The prior action for damages was pending at least until the entry of the final judgment on March 18, 1992, for the principal sum of $36,351.56. The allegedly fraudulent transfer occurred during the pendency of this underlying action, so that the application of Debtor and Creditor Law § 273-a to this transaction cannot be ruled out.

We do not agree with the defendants' principal argument, adopted by the Supreme Court, that the prior action was not pending during the pendency of the plaintiffs' appeal from the judgment dismissing that action. Thus, the defendants' third affirmative defense, asserting that Walter Stuart was not a defendant in an action for damages at the time of the disputed conveyance, is meritless and should be dismissed. The first affirmative defense that the complaint fails to state a cause of action must also be dismissed *(see, Coluccio v Urbanek, 129 AD2d 551)*.

However, there is an issue of fact as to whether the transfer of stock was in return for fair consideration. Given the existence of this issue of fact, we cannot conclude either that the transfer of stock was, as a matter of law, within the "purview" of Debtor and Creditor Law § 273-a, or that defendant Jean Stuart is liable to the plaintiffs for the value of the stock transferred to her.

We note that the Supreme Court never ruled on the application by the plaintiffs for leave to serve an amended complaint, presumably because this application was made after summary judgment was granted to the defendants. Thus, upon remitti-

tur, the Supreme Court should determine this application on the merits. We also remit for determination of those branches of the plaintiffs' original motion which were for the appointment of an appraiser and for the striking of the second affirmative defense of lack of personal jurisdiction, which were also not addressed because the Supreme Court granted summary judgment to the defendants. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.