■ CIT GROUP/EQUIPMENT FINANCING, INC., Respondent, v ROBERT F. RIDDLE, Appellant. [818 NYS2d 258]—

In an action to recover amounts due pursuant to a security agreement, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated November 15, 2004, which, upon an order of the same court dated May 6, 2004, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the sums of $37,039.83 on the first cause of action, $35,975.68 on the second cause of action, and $16,213.66 on the third cause of action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the sum of $16,213.66 on the third cause of action; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion which was for summary judgment on the third cause of action is denied, the order dated May 6, 2004, is modified accordingly, the third cause of action is severed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The plaintiff, CIT Group/Equipment Financing, Inc. (hereinafter CIT), established its prima facie entitlement to judgment as a matter of law by proffering evidence that the guarantor, the defendant, Robert F. Riddle, was not discharged by a stipulation discharging Industrial Material Handling Co., Inc. (hereinafter IMH), which had filed for bankruptcy, from debts it owed to CIT. A guarantor's liability for a corporate debt is not affected by the corporation's bankruptcy filing, and therefore, the defendant was not discharged when IMH filed for bankruptcy (*see Taubes v Stuart,* 181 AD2d 669 [1992]; *First Natl. Bank of Highland v Burley,* 162 AD2d 910 [1990]). Thus, the defendant is liable as a guarantor for those debts, interest, and late charges, and the plaintiff thereby established its entitlement to summary judgment on its first and second causes of action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The defendant failed to proffer evidence establishing the existence of a triable issue of fact in opposition to those branches of the motion which were for summary judgment on the first and second causes of action (*see generally Alvarez v Prospect Hosp., supra* at 324; *Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]).

Pursuant to the "Master Security Agreement" between CIT and IMH, and the guarantee signed by the defendant, as the Supreme Court properly determined, the defendant was also liable for the plaintiff's reasonable attorney's fees, which was the subject of the third cause of action. However, under the circumstances of this case, it was error to fix that amount without first conducting a hearing (*see MBNA Am. Bank v Paradise,* 285 AD2d 586 [2001]; *cf. Sieratzki v Sieratzki,* 8 AD3d 552, 554 [2004]). Therefore, we remit the matter to the Supreme Court, Kings County, for a hearing on the reasonable amount of attorney's fees pursuant to the third cause of action. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.