# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**58**

**CA 13-00838**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

M&T BANK, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

CHOICE GRANITE PRODUCTS LTD., ET AL., DEFENDANTS,
AND CARINA FARBER, ALSO KNOWN AS CARMEN FARBER,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GETMAN & BIRYLA, LLP, BUFFALO (MATTHEW D. VALAURI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered April 18, 2013. The judgment, among other
things, awarded plaintiff the sum of $108,373.66 as against defendant
Carina Farber, also known as Carmen Farber.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the amount of attorneys'
fees awarded and as modified the judgment is affirmed without costs
and the matter is remitted to Supreme Court, Erie County, for further
proceedings in accordance with the following Memorandum: In appeal
No. 1, Carina Farber, also known as Carmen Farber (defendant), appeals
from an order granting plaintiff's motion for summary judgment against
her as guarantor of a loan to defendant Choice Granite Products Ltd.
(Choice Granite), and in appeal No. 2 she appeals from the judgment
awarding plaintiff the sum of $108,373.66 plus interest, and $8,741.25
in attorneys' fees. We note at the outset that appeal No. 1 must be
dismissed inasmuch as the order granting plaintiff's motion for
summary judgment is subsumed in the final judgment in appeal No. 2
(*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988).

In March 2007, Choice Granite applied for a $100,000 loan from
plaintiff and, as part of the application, defendant, the sales
manager and part owner of defendant, signed a guaranty in her
individual capacity. An agreement containing the terms of the loan
was attached to the application, and both the agreement and guaranty
defined the "loan agreement" as including the application, agreement,
and the terms of any subsequent approval letter. The application
requested information on prior loans, and eligibility for loans, from
the United States Small Business Administration (SBA). The guaranty

indicated that Choice Granite might be approved for a loan from a "credit facility" other than plaintiff. By signing the guaranty, defendant waived "notice of the terms of the Loan Agreement, [and] any amendments thereto." On April 18, 2007, plaintiff sent Choice Granite a conditional approval letter for a $100,000 loan under the "SBAExpress Program," which was conditioned upon SBA approval. The President of Choice Granite signed and returned the letter to plaintiff in April 2007, and Choice Granite thereby accepted the terms of the agreement attached to the initial application, as modified. SBA approved the loan, and Choice Granite thereafter defaulted in its payments.

Defendant contends that the conditional approval letter, and SBA's involvement, improperly altered her obligation without her consent and she is therefore relieved of her obligation as guarantor (*see White Rose Food v Saleh*, 99 NY2d 589, 591). We reject that contention because the application, agreement, and approval letter, by their express terms, constitute "one transaction," and defendant waived notice of the terms of the approval letter (*id.* at 591). "The test is whether there is a new contract," and here there was only one (*Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315). Supreme Court therefore properly granted plaintiff's motion for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with defendant, however, that the court erred in awarding attorneys' fees without conducting a hearing, which is needed to determine the manner in which plaintiff's attorneys are to be compensated (*see generally CIT Group/Equip. Fin., Inc. v Riddle*, 31 AD3d 477, 478). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for a hearing to determine the amount of attorneys' fees to which plaintiff is entitled.

Entered:  March 21, 2014                     Frances E. Cafarell
                                             Clerk of the Court